## NATIONAL MOTOR FREIGHT TRAFFIC ASSOCIATION, INC., ET AL. *v.* UNITED STATES ET AL.

No. 479. Decided February 25, 1963.

*Bryce Rea, Jr.* and *Frederick A. Babson, Jr.* for appellants.

*Solicitor General Cox, Assistant Attorney General Loevinger, Robert B. Hummel, Robert W. Ginnane* and *Fritz R. Kahn* for the United States and the Interstate Commerce Commission.

*D. Robert Thomas, Harry C. Ames, Sr., Giles Morrow, S. Sidney Eisen* and *James L. Givan* for appellee freight forwarders.

PER CURIAM.

The petition for rehearing is denied. However, we think we should make clear the basis upon which our *per curiam* order affirmed the judgment of the District Court.

371 U. S. 223. The District Court dismissed appellants' action to set aside an order of the Interstate Commerce Commission on two grounds: (1) that the appellants lacked standing to challenge the Commission's order in the District Court; (2) that the appellants' challenge to the Commission's order was without merit. Our *per curiam* order affirmed the District Court's judgment insofar as it upheld the validity of the Commission's order on the merits. We disagreed that appellants lacked standing to challenge the Commission's order in the District Court. The appellants are associations of motor carriers, authorized under 49 U. S. C. § 5b, and perform significant functions in the administration of the Interstate Commerce Act, including the representation of member carriers in proceedings before the Commission. Since individual member carriers of appellants will be aggrieved by the Commission's order, and since appellants are proper representatives of the interests of their members, appellants have standing to challenge the validity of the Commission's order in the District Court. See Administrative Procedure Act, 5 U. S. C. § 1009 (a); *FCC* v. *Sanders Bros. Radio Station,* 309 U. S. 470; *NAACP* v. *Alabama ex rel. Patterson,* 357 U. S. 449, 459.

MR. JUSTICE HARLAN concurs in the denial of the petition for rehearing and in the affirmance of the judgment of the District Court insofar as that judgment refused to set aside the order of the Interstate Commerce Commission. He believes, however, that the question of "standing" should not be decided without plenary consideration.

MR. JUSTICE STEWART would grant the petition for rehearing.