The SOAP AND DETERGENT ASSOCIATION, a Delaware corporation, Plaintiff,

v.

The CITY OF CHICAGO, a municipal corporation of Illinois, Defendant.

No. 71 C 1054.

United States District Court, N. D. Illinois, E. D.

June 21, 1972.

**424**

John C. Berghoff, Jr., James E. Hastings, Chadwell, Keck, Kaysor & Ruggles, Chicago, Ill., for plaintiff.

Henry F. Weber, Asst. Corporation Counsel, Chicago, Ill., for defendant.

## DECISION and ORDER

McMILLEN, District Judge.

Plaintiff has filed a complaint of two Counts seeking an injunction and declaratory judgment against the enforcement of a municipal ordinance which levies a substantial fine after July 1, 1972 for the sale of detergents containing phosphorus. Defendant filed an answer in which it also pleads certain specific defenses, one challenging plaintiff's standing to sue. F.R.Civ.P. 12(b)(2). Defendant has also filed a motion to dismiss on this and other grounds. A magistrate conducted hearings on the issue of standing and overruled the defendant's motion to dismiss. This court has reviewed the pleadings and the briefs and has concluded that the defendant's contention is well founded as to the issue of standing. The defendant's motion to strike and dismiss the Complaint will therefore be granted, unless a real party in interest is joined as plaintiff. F.R.C.P. 17(a).

Plaintiff alleges that it is an incorporated, not-for-profit association under the laws of the State of Delaware. It also alleges that its principal place of business is in New York City and that the amount in controversy exceeds $10,000. Jurisdiction is pleaded under 28 U.S.C. §§ 1331 and 1332. Therefore plaintiff must establish the jurisdictional amount of $10,000.

From the allegations of the Complaint, it is apparent that the plaintiff does not manufacture or sell any detergents. In fact it does not allege that it is authorized to conduct any business in Illinois. It cannot itself violate the ordinance in question. Hence, although plaintiff alleges the conclusion of irreparable harm to itself and its members, there is no showing on the face of the Complaint how the plaintiff itself can be damaged.

Basically the problem in this case is that the plaintiff, as a corporation, is merely a representative of the real parties in interest. Therefore the plaintiff corporation lacks the "personal stake in the outcome of the controversy" which has been required in representation litigation at least since Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) and Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). See also Toomer v. Whitsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948).

Throughout the Complaint it is apparent that plaintiff's member companies, or some of them, are the real parties in interest. They are the ones who will lose sales if the ordinance is complied with or who will be fined if it is violated. Although plaintiff also alleges that the people of Chicago and its surround-

ing areas will be harmed if plaintiff's members are not allowed to sell detergents containing phosphorus, this can hardly be considered an independent ground for plaintiff's Complaint. Furthermore, the Supreme Court has recently limited the right of self-appointed guardians of the public interest to sue in the Federal courts. See State of Hawaii v. Standard Oil Company of California et al., 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); also Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

Plaintiff apparently is quite like a trade association, although the Complaint alleges nothing more than a membership corporation. Plaintiff relies on many cases where associations have been allowed to sue, but in all of those cases the association either had a direct and personal stake in the issue (N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)) or it was joined as plaintiff by several members who did have a personal stake. (Lake Carriers Association, et al. v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972)). In most instances both of these criteria were satisfied (National Motor Freight Traffic Association et al. v. United States, 372 U.S. 246, 83 S.Ct. 688, 9 L.Ed.2d 709 (1963); Association of Data Processing Service Organizations et al. v. Camp et al., 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970)). Neither is satisfied by the allegations of the Complaint in the case at bar.

Many association cases have been filed under the Administrative Procedure Act which allows suits by the somewhat broader category of "a person . . . adversely affected or aggrieved." These cases do not require the jurisdictional amount in controversy and are in other ways distinguishable from Sections 1331 and 1332 actions, but even under the Administrative Procedure Act "the fact of economic injury is what gives a person standing to seek judicial review under the statute . . . the party seeking review must have himself suffered injury." Sierra Club v. Morton, *supra*, 405 U.S., at 737, 92 S.Ct., at 1367. See also Environmental Defense Fund, Inc., et al. v. Hardin, 138 U.S.App.D.C. 391, 428 F.2d 1093 (1970).

Plaintiff does not identify any of its members by name or purport to sue on behalf of any specific manufacturer or vendor. Some of the members may even manufacture phosphorus-free detergents and not oppose the ordinance. Others may be citizens of Illinois and, if named as plaintiffs, would deprive this court of Section 1332 jurisdiction. Finally, if the defendant should prevail on the merits, it would enjoy a hollow victory, for each of the plaintiff's member companies would still be able to litigate the validity of the ordinance on their own. Perhaps this is just another way of stating that no true case or controversy has been presented here, in the Federal Constitutional and Judiciary Act sense of those words. We acknowledge that some district and circuit courts may differ with our analysis (e. g., Chemical Specialties Manufacturers Association, Inc. v. Lowery, 452 F.2d 431 (2d Cir. 1971) and National Automatic Laundry and Cleaning Council v. Schultz, 143 U. S.App.D.C. 274, 443 F.2d 689 (1971). The Supreme Court decisions up to and including Sierra Club, *supra*, clearly require the result reached in the case at bar, however.

Because the threshold disability of plaintiff and the lack of the jurisdictional amount of damages, we do not reach the merits of defendant's other special defenses or of the Complaint generally. This cause will be continued generally subject to notice by plaintiff pursuant to F.R.C.P. 17(a).