**MIDDLEWEST MOTOR FREIGHT BUREAU et al., Appellees,**

v.

**UNITED STATES of America et al., Appellants.**

**No. 75–1701.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 24, 1975.

Decided Nov. 13, 1975.

As Amended Dec. 30, 1975.

William Q. Keenan, New York City, for appellants; Richard A. Bowman, Minneapolis, Minn., on brief.

Harold C. Evarts, Frank Vogl, Minneapolis, Minn., Roland Rice, Washington, D. C., and George D. Michalson, Kansas City, Mo., for appellees.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This matter is before the court on appellees' motion for summary disposition. *See* Local Rule 9(b). The sole issue raised by the motion is whether the appellants have the requisite standing to pursue this appeal. The motion is denied.

The litigation from which this appeal arises has previously been before this court in *Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212 (8th Cir. 1970), *cert. denied,* 402 U.S. 999, 91 S.Ct. 2169, 29 L.Ed.2d 165 (1971). Appellees in this case are a number of motor freight carriers. Appellants are trade associations of shippers whose members use the services provided by appellees.[1] In 1963 the carriers filed tariffs with the Interstate Commerce Commission (ICC) increasing their rates for certain categories of shipping. Two years later the ICC found that the rate increases were unreasonable and ordered them cancelled. The cancellation order was to take effect on September 13, 1965. The carriers, however, filed suit against the ICC and the United States in district court to enjoin the enforcement of the

ICC order, and a temporary restraining order was issued. Subsequently, a three-judge court was convened, and on September 29, 1965, the court dissolved the restraining order and denied the carriers' motion for a preliminary injunction. In the meantime, the shippers associations had intervened in the suit as parties defendant and had filed counterclaims for restitution of the excessive shipping charges assessed during the period that the restraining order was in effect.

In 1968 the carriers' suit for injunctive relief was dismissed as moot, and the court also dismissed the shippers associations' claim for restitution. The shippers associations appealed the dismissal of their counterclaim, and this court reversed, holding that the shippers associations were entitled to restitution and remanding the case to a single district judge. *Middlewest Motor Freight Bureau v. United States, supra.* On remand, after several years of proceedings, the district court[2] found that there was a total lack of evidence as to which carriers were liable for overcharges and which shippers associations were entitled to reimbursement. Accordingly, on August 14, 1975, the court entered judgment in favor of the carriers on the shippers associations' counterclaim. The shippers associations took a timely appeal, and the carriers have filed a motion for summary disposition, contending that the appellants lack standing to pursue this appeal.[3]

The issue raised by the appellees' motion is whether the appellant associations have standing to seek monetary relief on behalf of their injured member firms. Appellees contend that while the shippers associations may properly seek injunctive or declaratory relief on behalf of their members, they have no standing to maintain an action for damages. Ap-

---

1. The captions on the documents filed in this case list a number of other parties as appellants who are not shippers associations. Both the shippers and the carriers, however, seem to agree that the shippers associations are the sole remaining appellants at this stage of the litigation.

2. The Honorable Gunnar H. Nordbye, United States District Judge for the District of Minnesota.

3. *See* Local Rule 9(b).

pellants assert that they have satisfied the necessary standing requirements since they have alleged that at least some of the association members have in fact been injured.

■ The rule of standing is a threshold consideration in determining the propriety of judicial intervention. Essentially, it requires a determination of whether a litigant is entitled to have the court decide the merits of a dispute. The standing inquiry involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *See, e. g., Barrows v. Jackson,* 346 U.S. 249, 255–56, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

■ To satisfy the constitutional element of standing, a plaintiff must allege a sufficient stake in the outcome of the litigation. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). An association seeking relief is deemed to have a sufficient stake in the outcome when it alleges that some of its members have in fact been injured. *See Sierra Club v. Morton,* 405 U.S. 727, 734–41, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *National Motor Freight Traffic Ass'n v. United States,* 372 U.S. 246, 83 S.Ct. 688, 9 L.Ed.2d 709 (1963). *See also Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 151–54, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). The appellant associations in the instant case have sufficiently alleged injury to their members.

■ Prudential considerations also govern the determination of standing. *Warth v. Seldin,* 422 U.S. 45, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Policy factors in the instant case favor the conclusion that the appellants have the requisite standing. Appellants have been litigating the merits of the controversy for approximately ten years without anyone challenging their standing to do so. Moreover, a denial of standing to the associations at this time would unduly prejudice the individual shippers since they would be barred from prosecuting their claims independently by the statute of limitations.[4]

We conclude that appellants have standing to maintain this appeal. The Supreme Court's decision in *Warth v. Seldin, supra,* is not inconsistent with our holding. In *Warth* the Court held that a homebuilders association lacked standing to sue for lost profits inuring to some of its members on account of an alleged exclusionary zoning scheme. The Supreme Court in *Warth,* however, was not confronted with the strong prudential considerations in favor of a finding of standing which we face in this appeal.

Accordingly, the motion for summary disposition is denied.

---

4. The Supreme Court has indicated that a party who otherwise might lack standing might be allowed to proceed when the parties actually injured are disabled from asserting their rights. *Warth v. Seldin, supra,* 95 S.Ct. at 2211.