**George W. PACKISH and Janet S. Packish**

v.

**Heather McMURTRIE, William D. Jones, Eric T. Turkington Ind. and as the Board of Selectmen of the Town of Falmouth and the Town of Falmouth.**

Civ. A. No. 81–1105–Z.

United States District Court,
D. Massachusetts.

May 21, 1982.

---

Donald J. Fleming, Mattapoisett, Mass., for plaintiffs.

Edward W. Farrell, Falmouth, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is an action brought under 42 U.S.C. § 1983 by George W. Packish ("George") and Janet S. Packish ("Janet") against the Town of Falmouth (the "Town") and members of the Board of Selectmen of the Town individually and in their official capacity. Plaintiffs allege that the Board of Selectmen maliciously deprived them of constitutionally protected rights in retaliation for their exercise of their First Amendment right to free speech. The defendants have moved for summary judgment. Because plaintiffs have not been deprived of any constitutionally cognizable right, the motion is granted.

The pleadings, affidavits, and exhibits disclose the following relevant and undisputed facts. The plaintiff George is currently a Captain in the Falmouth Fire Department. In June, 1977 he applied for a position as Chief of the Fire Department but was not selected for the job, which was filled by his brother-in-law in June, 1978. On June 13, 1978 the plaintiff Janet,

George's wife, wrote an article which was published in the local newspaper in which she protested the appointment procedure. Subsequently, George made a claim for reimbursement of medical expenses and for "injury leave" status. The claim was based on a recurrence of low back pain allegedly resulting from a fall at work in 1971. The Board of Selectmen denied his claim, and the Fire Fighter's Union filed a grievance on George's behalf. The Town failed to respond to the Union's claim at one stage of the proceedings in a timely manner and was held to have waived its right to contest the merits of the claim. Accordingly, on February 6, 1980 the Board of Conciliation and Arbitration ordered that the claim be paid. This action followed in 1981.

George's claim is based on his contention that defendants maliciously denied his right to be indemnified and otherwise made whole for work-related injuries, as set forth in Mass.Gen.Laws ch. 41 §§ 100 and 111F, and thus deprived him of property without due process of law. Janet's claim is, essentially, that the Board of Selectmen's actions against her husband had a chilling effect on her exercise of free speech.

■ 42 U.S.C. § 1983 provides a civil action for a "deprivation of any rights, privileges or immunities secured by the constitution and laws...." This Court may hear a claim under § 1983 only where a plaintiff alleges that he has personally been deprived of a constitutionally protected right. In order to satisfy standing and case-or-controversy requirements, the constitutional claim must be presented in the context of a specific live grievance, *Golden v. Zwickler*, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969); *Olitsky v. O'Malley*, 597 F.2d 295 (1st Cir. 1979); *Rodos v. Michaelson*, 527 F.2d 582, 584 (1st Cir. 1975). The "mere possibility of remote or speculative future injury will not suffice". *Reichenberger v. Pritchard*, 660 F.2d 280, 284 (7th Cir. 1981). Because plaintiff Janet has alleged no action on the part of the Board which affects her individually, she has failed to present a justiciable claim. Therefore, the motion is granted with respect to her.

■ George's claim fails for different reasons. A person may not be deprived of an interest encompassed by the Fourteenth Amendment's protection of liberty and property—often defined by reference to state law—without due process. But the requirements of due process apply only to interests which qualify as protected interests. *Id. Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). George claims a property right in indemnification under Mass.Gen.Laws ch. 41 §§ 100 and 111F. Mass.Gen.Laws ch. 41 § 100 provides, in relevant part:

> Upon application by a fire fighter or police officer of a city, town or fire or water district, .... the board or officer of such city, town or district ... shall determine whether it is appropriate under all the circumstances for such city, town or district to indemnify such fire fighter for his reasonable hospital, medical ... expenses.... incurred as the natural and proximate result of an accident occurring or of undergoing a hazard peculiar to his employment, while acting in the performance and within the scope of his duty without fault of his own.

This language is clearly discretionary. Rather than creating an absolute entitlement to indemnification, it requires the Town to determine in the first instance whether or not the injury complained of was actually work-related.

■ The same analysis applies to Mass. Gen.Laws ch. 41 § 111F which provides, in relevant part:

> Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, ... he shall be granted leave without loss of pay for the period of such incapacity; ....

Under this statute, the right to be granted leave without loss of pay is clearly conditioned on the Town's determination that the injury was work-related. Until plaintiff is found to have a work-related injury, he does not have a property right.

Even assuming that this precatory language establishes a legitimate property interest in indemnification and injury leave status, the law only requires that an individual be afforded due process before he is finally deprived of it. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Although the right to due process generally attaches prior to any action by the government in derogation of that interest, in recent cases the Supreme Court has defined certain circumstances in which an evidentiary hearing subsequent to governmental action will satisfy due process.

In *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) the court held that welfare recipients had a property interest in continued welfare benefits which could not be taken away without a prior hearing. *See also, Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (prejudgment replevin statutes which deny opportunity to be heard prior to deprivation of property violate procedural due process); *Sniadach v. Family Finance Corporation*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (statute permitting garnishment of wages prior to notice and opportunity to be heard violates Fourteenth Amendment). However, in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court found that the termination of disability benefits constituted less substantial deprivation than did the cessation of welfare payments, and held that a prior hearing was not required where reconsideration by the state agency was available.* The Court distinguished *Goldberg v. Kelly, supra*, noting that, while welfare assistance is "given to persons on the very margin of subsistence", eligibility for disability benefits is not based on financial need and is "wholly unrelated to the worker's income or support from many other sources, such as earnings of other family members, workmen's compensation awards, tort claims awards, savings, . . . ." *Id.* at 341–42, 96 S.Ct. at 905. *See also, Mackey v. Montrym*, 443 U.S. 1, 99

S.Ct. 2612, 61 L.Ed.2d 321 (1979) (hearing prior to 90 day revocation of driver's license not required where post-suspension hearing is available).

■ Applying these criteria to the instant case, it is clear that George has not asserted a constitutionally cognizable claim. He received all the medical and leave benefits he had sought. Because due process was afforded him, this case does not involve the derogation of a right without due process. George claims, however, that between the time his claim was refused and the time it was eventually awarded he suffered monetary damages, incurred legal expenses and suffered emotional distress. Therefore, his claim can only be cognizable as a claim of entitlement to a prior hearing.

As distinguished from the claimants in *Mathews*, this plaintiff was not deprived of any previously existing right or interest. Rather, he was forced to delay his receipt of something to which he felt he was entitled. Furthermore, this is not a case in which a plaintiff is being deprived of subsistence income. Nor is eligibility for the asserted rights based on need, or related to income or support from other sources. Even assuming that whatever temporary deprivation plaintiff may have suffered is analogous to the deprivation suffered by the termination of disability benefits, the claim was addressed by the Court in *Mathews v. Eldridge, supra*, and rejected.

■ Since plaintiff was afforded a hearing before the final determination of his claim, the procedure fully comports with due process requirements. Accordingly, the motion for summary judgment is granted with respect to his claim also. Judgment may be entered for defendants on the complaint.

---

* The Court weighed three factors: the private interest affected by the official action, including the length of the deprivation, in that case in excess of a year, the risk of erroneous deprivation of an interest through the procedures used, and the Government's interest.