Rolando **SOTO GOMEZ**, et al., **Plaintiffs**,

v.

Carlos **LOPEZ FELICIANO**, et al., **Defendants**.

**Civ. No. 88–0269(PG).**

United States District Court, D. Puerto Rico.

Oct. 27, 1988.

John E. Mudd, Hato Rey, P.R., for plaintiffs.

José R. García Pérez, Fed. Lit. Div., Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

On February 12, 1988, plaintiffs filed the above captioned complaint seeking damages under 42 U.S.C. § 1983 for alleged civil rights violations. Plaintiff Rolando Soto alleged that he was fired upon, beaten, and falsely accused by co-defendants Ram%1on Marrero and Moisés Ayala, at the time officers of the Commonwealth of Puerto Rico's Police Department. Co-plaintiff Itsya Hernández Martínez, Soto's wife, alleged damages in the form of "pain and mental anguish" over her husband's alleged beating and the subsequent accusations filed against him by co-defendants Marrero and Ayala.

After answering the complaint, defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), on June 2, 1988, in which they requested that we dismiss this action as it relates to co-plaintiff Hernandez on the grounds that she lacks standing to sue defendants under 42 U.S.C. § 1983. Plaintiffs filed their timely opposition motion on June 24, 1988.

## I.

Section 1983 provides a private right of action only to those who allege that they have been deprived of rights, privileges or immunities secured by the Constitution or laws of the United States.[1] *Parrat v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Accordingly, a section 1983 plaintiff, like any person who claims a deprivation of constitutional or federally protected rights, must allege some violation of his or her personal rights. *See Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.) (right to bring action under civil rights act is personal in nature and does not accrue to a relative), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *English v. Powell*, 592 F.2d 727 (4th Cir. 1979) (wife had no standing to maintain action arising from husband's demotion on job); *Shaw v. Garrison*, 545 F.2d 980, 983 n. 4 (5th Cir.1977), *rev'd on other grounds sub nom.; Robertson v. Wegman*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Topic v. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.) (litigants have no standing to assert civil rights of third parties injured by unlawful conduct), *cert. denied*, 429 U.S. 859, 97 S.Ct. 160, 50 L.Ed.2d 137 (1976); *Spence v. Staras*, 507 F.2d 554 (7th Cir.1974); *Hall v. Wooten*, 506 F.2d 564 (6th Cir.1974); *O'Malley v. Brierley*, 477 F.2d 785, 789 (3rd Cir.1973); *Packish v. McMurtrie*, 539 F.Supp. 548 (D.C.Mass. 1982); *Jenkins v. Carruth*, 583 F.Supp. 613 (D.C.Tenn.1982), *aff'd*, 734 F.2d 14 (6th Cir.1984). At issue here is the question of whether co-plaintiff Hernández's allegations constitute the type of deprivation of personal rights contemplated by Section 1983.

■ Co-plaintiff Hernández claims to have suffered personal loss in the form of "pain and mental anguish" over her husband's alleged beating and the subsequent accusations made against him. Her opposition to defendant's motion to dismiss argues as well that her "right to a peaceful existence" was violated. However, there is no evidence that she was in any way involved in the incident which her husband complains of. As such, we think that her

---

1. 42 U.S.C. § 1983 provides that:
Every person who, (under color of law) subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

personal loss does not rise to the level required to state a valid claim under 42 U.S.C. § 1983. Whatever be her right to recover for pain and mental anguish under Commonwealth tort law, we are not persuaded that she has alleged the personal loss required for a constitutional claim.

*Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986), is precisely on point. In that case the Fifth Circuit held that a wife who had watched as police fired upon her husband, but who was not fired upon herself and who was not directly involved in the incident, lacked standing to assert a valid claim under 42 U.S.C. § 1983. Similarly, in the instant case co-plaintiff Hernández was not directly involved in the incident which her husband complains of, and the defendants' allegedly improper conduct was not directed against her. Unlike in *Coon,* co-plaintiff Hernández was not even present when her husband suffered the alleged constitutional deprivation. Her case is thus even less compelling.

Plaintiff's reliance on *Fiedler v. Marumsco Christian School,* 631 F.2d 1144 (4th Cir.1980), is completely misplaced. *Fiedler* involved the issue of whether plaintiffs, who were caucasians, had standing to sue under 42 U.S.C. § 1981, a statute which on its face appears to protect only non-whites against racial discrimination.[2] The Fourth Circuit held that the plaintiffs, though white, had standing to sue under Section 1981. It made no pronouncement even remotely applicable to the issue of standing presented here.

## II.

■■■ The conjugal partnership of Rolando Soto Gómez and Itsya Hernández Martínez is also a named plaintiff in this action. Such an unincorporated association will have standing to sue under § 1983 of its own right if it has suffered direct injury due to a deprivation of its constitutional rights or immunities. *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975). In the absence of di-

rect injury, an association will not have standing on its own but may have standing in a representative capacity. *Id.* Generally, representative standing is proper only if a declaratory judgment, injunction, or other prospective relief is sought. *Id.; National Motor Freight Traffic Association, Inc. v. United States,* 372 U.S. 246, 83 S.Ct. 688, 9 L.Ed.2d 709 (1963). In such a case, it can reasonably be assumed that the remedy, if granted, will inure to the benefit of all the association members. *Id.*

When the unincorporated association's claim is one such as that asserted here, to relieve the injury of a particular member, neither direct nor representative standing can be granted to it. *Id.* In this case, judicial relief would not benefit the association membership as a whole. Recovery belongs to the individual injured party, who has the right to file suit on his own behalf, and not to the conjugal partnership. *Rosario Nevárez v. Torres Gaztambide,* 633 F.Supp. 287 (D.C.P.R.1986).

WHEREFORE, for the above stated reasons, the complaint is hereby DISMISSED as it relates to co-plaintiffs Itsya Hernández Martínez and the conjugal partnership constituted by her and her husband.

IT IS SO ORDERED.

---

**2.** 42 U.S.C. § 1981 provides, in its pertinent part, that: "[a]ll persons within the jurisdiction of the United States shall have the same right in

every State and Territory to make and enforce contracts ... as is enjoyed by white citizens,...."