**DALWORTH OIL COMPANY, INC., and the Texas Oil Marketers Association, Inc. (TOMA), on Behalf of its Organization and Members, Plaintiffs,**

v.

**FINA OIL & CHEMICAL COMPANY, Defendant.**

**Civ. A. No. 4–90–924–A.**

United States District Court, N.D. Texas, Fort Worth Division.

March 12, 1991.

Frank Warren Hill, Claudia Anne Soward, Hill Heard Gilstrap Goetz & Moorhead, Arlington, Tex., Johnnie B Rogers, Law Office of Johnnie B. Rogers, Austin, Tex., for plaintiffs.

Marshall Mayes Searcy, Thomas Lee Woodman, Attorney at Law, Samuel Poage Dalton, Locke Purnell Rain Harrell, Dallas, Tex., for defendant.

MEMORANDUM OPINION
AND ORDER

McBRYDE, District Judge.

Came on to be considered the motion of defendant, Fina Oil & Chemical Company ("Fina"), to dismiss the claims of Texas Oil Marketers Association, Inc. ("TOMA"), for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6). By way of such motion, Fina contends that TOMA lacks standing to bring the above-numbered action. For the reasons stated below, the court agrees with Fina's contentions; however, the court chooses to dismiss TOMA's claims based on a lack of subject matter jurisdiction.[1]

---

1. *See* Fed.R.Civ.P. 12(h)(3); and *Hitt v. City of*     *Pasadena,* 561 F.2d 606, 608 (5th Cir.1977)

## BACKGROUND

On November 21, 1990, plaintiffs filed their first amended petition in state court against Fina raising for the first time a federal question. On December 3, 1990, Fina filed a timely notice of removal pursuant to 28 U.S.C. § 1441(b) claiming that this court has federal question jurisdiction. Federal question jurisdiction is based on the claim made by Dalworth Oil Company, Inc. ("Dalworth"), that Fina has failed to comply with the requirements of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2801 *et seq.*

TOMA joins as a plaintiff with allegations that it is an "association comprising and representing wholesale motor fuel distributors, such as Dalworth, who are experiencing the same or similar problems as those of Dalworth" and as an association "for those Fina distributors who are members thereof" who are allegedly being damaged by Fina's conduct. First Amended Petition, p. 2. TOMA claims that the contracts between Dalworth and Fina, which forms the basis of claims asserted by Dalworth, are similar to contracts between Fina and other TOMA members "similarly situated" to Dalworth. First Amended Petition, *passim;* TOMA's response to motion to dismiss, p. 2.

Both plaintiffs assert claims against Fina based on breach of contract; UCC duty of good faith; breach of duty of good faith and fair dealing; the Texas Deceptive Trade Practices Act (DTPA);[2] negligence; breach of warranties; economic coercion and duress; and a theory of partnership. Plaintiffs seek compensatory and punitive damages as well as declaratory and injunctive relief.

## STANDING

In ruling on a motion to dismiss for want of standing, this court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Warth v. Sel-*

(holding that a dismissal for want of jurisdiction should be employed when dismissal is appropriate for both a want of jurisdiction and for failure to state a claim).

*din,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). With this rule in mind, the court turns to a consideration of the standing issue.

Fina claims in its motion to dismiss that, inasmuch as this action was removed from state court, Texas law should be applied to determine whether TOMA has standing, citing *Wamp v. Chattanooga Housing Authority,* 527 F.2d 595, 596–97 (6th Cir.1975). TOMA, on the other hand, contends that federal law is applicable to the determination of standing because, it explains, there appears to be no Fifth Circuit cases addressing the issue. TOMA further contends that the *Wamp* case, cited by Fina, is not controlling.

■ The question of standing, the essence of which involves the determination of whether the litigant is entitled to have the court decide the merits of the dispute, is a threshold question in every federal case. *Warth,* 422 U.S. at 498, 95 S.Ct. at 2204. Such an inquiry involves both constitutional and prudential limitations on federal court jurisdiction. *Id.* "State law of standing, however, does not govern such determinations in federal courts" inasmuch as the constitutional and prudential considerations of standing respond to concerns that are "peculiarly federal in nature." *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 262 n. 8, 97 S.Ct. 555, 561 n. 8, 50 L.Ed.2d 450 (1977). Addressing this issue, the Fifth Circuit recently held:

> Although standing requirements in state courts are often less stringent than those of Article III, the issue lacks relevance here, as standing in federal court is determined entirely by Article III and depends in no degree on whether standing exists under state law. *Phillips Petroleum Co. v. Shotts,* 472 U.S. 797, 804 [105 S.Ct. 2965, 2970, 86 L.Ed.2d 628] (1985). This rule applies as well to cases which arrive in federal court by means of removal. *See Associated General Con-*

2. Tex. Business & Commerce Code Ann. § 17.41 *et seq.* (Vernon 1990).

tractors v. Otter Tail Power Co., 611 F.2d 684, 687 (8th Cir.1979).

Int'l Primate Protection League v. Administrators of the Tulane Educational Fund, 895 F.2d 1056, 1061 (5th Cir.1990), cert. granted in part, —— U.S. ——, 111 S.Ct. 507, 112 L.Ed.2d 520 (1990). Standing is a question of federal law.[3] Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

In discussing the prerequisites of "associational standing," the United States Supreme Court stated in Warth:

Even in the absence of injury to itself, an association may have standing solely as the representative of its members. E.g., National Motor Freight Assn. v. United States, 372 U.S. 246 [83 S.Ct. 688, 9 L.Ed.2d 709] (1963). The possibility of such representational standing, however, does not eliminate or attenuate the constitutional requirement of a case or controversy. See Sierra Club v. Morton, 405 U.S. 727 [92 S.Ct. 1361, 31 L.Ed.2d 636] (1972). The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. Id., at 734–741 [92 S.Ct. at 1365–1369]. So long as this can be established, and so long as the nature of the claim and of the relief sought does not make the individual participation of · each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.

Warth, 422 U.S. at 511, 95 S.Ct. at 2211–2212. The prerequisites of associational standing were later reaffirmed by the Supreme Court in Hunt, where the Court stated:

Thus we have recognized that an association has standing to bring suit on behalf of its members when: (a) its members

would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Hunt v. Washington Apple Advertising Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977).

Furthermore, whether an association, such as TOMA, has standing to invoke the court's jurisdiction on behalf of its members depends in substantial measure on the nature of the relief sought. Warth, 422 U.S. at 515, 95 S.Ct. at 2213. In addressing this subject, the Supreme Court stated:

If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.

Id. In the process of holding that the plaintiff association in Warth lacked standing, the Supreme Court reasoned:

The present case, however, differs significantly as here an association seeks relief in damages for alleged injuries to its members. Home Builders alleges no monetary injury to itself, nor any assignment of the damages claims of its members. No award therefore can be made to the association as such. Moreover, in the circumstances of this case, the damages claims are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof. Thus, to

---

3. This is not to say that a different analysis would be applied or that a different outcome would result if state law were applied. See Texas Industrial Traffic League v. Railroad Commission of Texas, 628 S.W.2d 187, 205–06 (Tex. Civ.App.—Austin 1982), rev'd on other grounds, 633 S.W.2d 821 (Tex.1982); and Texas Dept. of Mental Health v. Petty, 778 S.W.2d 156, 164–66 (Tex.Civ.App.—Austin 1989, writ dism. w.o.j.).

obtain relief in damages, each member of Home Builders who claims injury as a result of respondents' practices must be a party to the suit, and Home Builders has no standing to claim damages on his behalf.

*Id.* at 515–16, 95 S.Ct. at 2214.

■ Taking all material allegations of TOMA's complaint as true, and construing the first amended petition in favor of TOMA, the court has concluded that TOMA lacks standing to invoke this court's jurisdiction on behalf of its members in the above-numbered action. TOMA probably satisfies the first two prerequisites of associational standing, to wit, that its members would otherwise have standing to sue in their own right, and that the interests it seeks to protect are germane to the organization's purpose. However, the claims and relief sought by TOMA require the individual participation and proof by the allegedly injured members of TOMA, on whose behalf TOMA sues, for the proper resolution of the above-numbered action. Thus, the pleading affirmatively discloses that the third prerequisite is not met.

The court recognizes that it could allow or require TOMA to supply, by amended complaint or by affidavits, further allegations of fact on the subject of standing. *Warth,* 422 U.S. at 501–02, 95 S.Ct. at 2206–2207. In this case, such an alternative would be an exercise in futility because the contractual claims that are asserted by TOMA on behalf of its members obviously would require individualized participation and proof by such members allegedly injured by Fina's conduct.

Because standing is a jurisdictional question,[4] the court must now determine whether it should remand or dismiss TOMA's claims. Arguably, remand is required by 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." However, 28 U.S.C. § 1441(c), as amended,[5] also provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

TOMA's claims, though non-removable, are joined with Dalworth's separate and independent claims or causes of action[6] that are within the jurisdiction of this court. As it is authorized to do, the court has elected to determine the issue of TOMA's standing rather than to remand TOMA's claims.

### ORDER

For the reasons given above, the court has determined that TOMA's claims should be dismissed for lack of standing.

The court, therefore, ORDERS that such claims be, and are hereby, dismissed without prejudice.

The court expressly determines that there is no reason for delay in entry of final judgment as to the claims and causes of action of plaintiff against Fina; and, the court directs entry of final judgment as to such claims and causes of action.

---

**4.** *See Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541–42, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Warth,* 422 U.S. at 498–99, 95 S.Ct. at 2204–2205; and *Jenkins v. McKeithen,* 395 U.S. 411, 423, 89 S.Ct. 1843, 1849–50, 23 L.Ed.2d 404 (1969).

**5.** Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 312, 104 Stat. 5089, 5114 (1990) (effective December 1, 1990).

**6.** *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (discussing the test for determining whether there is a "separate and independent claim or cause of action").