Patricia Clara PATZNER, Respondent,

v.

Gerald D. SCHAEFER, Appellant.

No. C4–96–503.

Court of Appeals of Minnesota.

Aug. 6, 1996.

Judy M. Gernander, Winona, for Respondent.

James P. Ryan, Jr., Ryan & Grinde, Ltd., St. Charles, for Appellant.

Considered and decided by WILLIS, P.J., and HARTEN and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge.*

Gerald D. Schaefer appeals from the district court's adjudication of his paternity on the basis that the paternity action is barred by the statute of limitations. We reverse on different grounds.

## FACTS

Appellant Gerald D. Schaefer and respondent Patricia Clara Patzner had sexual intercourse in February 1973, and, as both parties later stipulated, "[b]y reason of said act or acts of sexual intercourse," respondent bore a child on October 25, 1973. Twenty-one years after the child's birth, respondent served a summons and complaint on appellant to establish paternity.

The district court denied appellant's separate motions to dismiss and for summary judgment. This court denied appellant's petition for a writ of prohibition, which request-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

ed that the district court be precluded from ordering blood tests.

On August 2, 1994, by order of the district court, appellant submitted to a blood test, which revealed a 99.99% probability that he is the father of the child. In lieu of a trial, the matter was decided by the district court upon the parties' "stipulation as to facts with issues of law reserved." Final judgment was entered on December 18, 1995, adjudicating appellant the father of respondent's child and ordering appellant to pay respondent $420 for blood-testing costs, $55.32 for uncompensated lying-in expenses, and $750 in attorney fees. Appellant challenges the judgment, arguing (1) respondent's paternity claim is barred by the statute of limitations, (2) the 1989 and 1991 laws amending the Minnesota Parentage Act are unconstitutional, (3) the district court denied him his substantive due process rights, and (4) the awarded costs and attorney fees are inappropriate.

### ISSUE

Does a mother have standing to bring a paternity action on behalf of her competent, adult son?

### ANALYSIS

■ This appeal suggests the existence of, although it does not expressly raise, a serious question about a mother's standing to bring a paternity action on behalf of her adult son. As the Supreme Court has recently held:

> The question of standing is not subject to waiver * * *: "we are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us."

*United States v. Hays,* —— U.S. ——, ——, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995) (quoting *FW/PBS, Inc. v. City of Dallas,* 493

U.S. 215, 230–31, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990)); *see also Cochrane v. Tudor Oaks Condominium Project,* 529 N.W.2d 429, 433 (Minn.App.1995) (stating that "[s]tanding may be raised at any time"), *review denied* (Minn. May 31, 1995).[1]

■ Standing concerns a party's right to bring a particular action. *Cochrane,* 529 N.W.2d at 433. Actions to determine paternity when there is no presumed father "may be brought by the child, the mother or personal representative of the child." Minn. Stat. § 257.57, subd. 3 (1994). Furthermore, Minn.Stat. § 257.57, subd. 2 (1994) also lists those persons with standing in the same order as subdivision 3. We infer from these lists that the child has first priority, and that the child's mother has standing only when the child cannot bring an action in his or her own right.[2] *See Heaslip v. Freeman,* 511 N.W.2d 21, 22 (Minn.App.1994) (stating that "[t]he fundamental rule of statutory construction is that a court should look first to the specific statutory language and be guided by its natural and most obvious meaning"), *review denied* (Minn. Feb. 24, 1994). Furthermore, because Minn.Stat. § 257.57, subd. 3, also allows a parent of the mother to bring a paternity action *if the mother is a minor,* it is logical to conclude that the statute contemplates that the mother would have standing to sue only while her child is a minor. *See* Minn.Stat. § 645.08(1) (1994) (words in statutes should be construed according to their common meaning).

Here, the child was nearly 21 years old when respondent commenced this paternity action. Respondent has made no showing that her son is incompetent; therefore, respondent has no further legal interest in the support of her child. We conclude that respondent does not have standing to bring this action on behalf of her adult son.

---

**1.** We note that the "courts appear hesitant to deny standing under circumstances which would prejudice the party whose standing would be found lacking." *Cochrane,* 529 N.W.2d at 433. However, this is not a situation where the parties have litigated the case for ten years. *Middlewest Motor Freight Bureau v. United States,* 525 F.2d 681, 683 (8th Cir.1975), *cited in Cochrane,* 529 N.W.2d at 433.

**2.** It is well established that a parent may bring an action on behalf of a minor child. *See* Minn. Stat. § 540.08 (1994) (suit by parent or guardian for injury to minor child). However, there is no precedent for a parent bringing an action on behalf of a competent, living, adult child. *But see* Minn.Stat. § 257.57, subd. 3 (grandparent may sue on behalf of deceased parent to establish paternity of (grand)child); Minn. R. Civ. P. 17.02 (representative may sue or defend on behalf of an incompetent party).

Respondent does have standing to bring an action to recover her lying-in expenses, but because respondent has provided this court with no explanation for why she waited over 20 years to collect $55.32, we conclude that her statutory right to recover these expenses has, at the very least, expired under the doctrine of laches. *See Aronovitch v. Levy,* 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953) (stating that the purpose of the laches is "to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay"). Because of our disposition, we need not address the issues raised by appellant.

### DECISION

The district court improperly denied appellant's motions to dismiss and for summary judgment.

**Reversed.**