McCORD, Judge.
Florida Department of Education (DOE) appeals from an order entered after a Section 120.56 proceeding, initiated by appellee (FEA/United), which invalidated certain rules promulgated by DOE. § 120.56, Fla. Stat. (Supp.1978). Since we find that FEA/United had no standing to bring the action, we do not reach the other issues presented on appeal.
The proceedings below concern a rule challenge involving procedures for revocation or suspension of teaching certificates. Fla.Adm.Code Rule 6A-4.37, 6B — 2.01 thru 6B-2.17. FEA/United alleges that the Professional Practices Council (PPC) has no statutory authority to hear certificate revocation or suspension proceedings as provided for in the challenged rules. FEA/Unit-ed is a confederation of bargaining units and represents approximately 30,000 of the 90,000 teachers in Florida. Members may obtain advice and representation concerning revocation and suspension of teaching certificates. DOE initiated about 27 revocation or suspension proceedings in 1977, and 29 proceedings in 1978. In about half of these proceedings, teachers chose to have the PPC hear the case instead of a hearing officer as provided for by Chapter 120. However, no teacher is a party to this case. Accordingly, we find FEA/United lacks standing under the facts and principles stated in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230, *894 1235-1236 (Fla. 1st DCA 1978). Jerry, a prison inmate, was denied standing to challenge a rule concerning prison disciplinary procedures pursuant to which he had already served his penalty. The fact that he was an inmate and “might” be subject to disciplinary procedures was insufficient to confer standing. After an exhaustive discussion of applicable law, this court concluded:
Jerry, like the plaintiffs in O’Shea v. Littleton [414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674], supra, has failed .to show injury which is accompanied by any continuing, present adverse effects. He has failed to demonstrate, either at the time his petition for administrative relief was filed or at the time of the hearing, that he was then serving disciplinary confinement or that his existing prison sentence had been subjected to loss of gain-time. He has not alleged the Rule is unconstitutionally invalid, rather that the procedure afforded him by the Rule does not comport with the procedure provided by Chapter 120.
* # * * * *
As in O’Shea, Jerry’s prospects of future injury rest on the likelihood that he will again be subjected to disciplinary confinement because of possible future infractions of Rule 33-3.08(2). Whether this will occur, however, is a matter of speculation and conjecture and we will not presume that Jerry, having once committed an assault while in custody, will do so again. To so presume would result only in illusory speculation which is hardly supportive of issues of “sufficient immediacy and reality” necessary to confer standing.
Here, no party has sustained or is in immediate danger of sustaining some direct injury as a result of the challenged rule.
Accordingly, FEA/United is not a “substantially affected” person as contemplated in Florida Department of Offender Rehabilitation v. Jerry, supra. The order is REVERSED.
SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.