392 So.2d 21 (1980)
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF LABOR, Appellant,
v.
FLORIDA HOME BUILDERS ASSOCIATION et al., Appellees,
v.
FLORIDA BUILDING TRADES COUNCIL et al., Intervenors.
No. MM-159.
District Court of Appeal of Florida, First District.
December 9, 1980.
Rehearing Denied January 22, 1981.
Kenneth H. Hart, Jr., Tallahassee, for appellant.
Stephen W. Metz, Tallahassee, for appellees.
Jerry G. Traynham of Patterson & Traynham, Tallahassee, for intervenors.
McCORD, Judge.
This is an appeal from a final order of the Division of Administrative Hearings finding appellant's Rule 8C-16.05(2)(e) 2 and 5 to be an invalid exercise of delegated authority. Among other issues raised on this appeal, appellant contends that appellees do not have standing to challenge its rule pursuant to § 120.56, Florida Statutes. We agree.
Section 120.56, Florida Statutes, in pertinent part states as follows:
(1) Any person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority.
(2) The petition seeking an administrative determination under this section shall be in writing and shall state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule and facts sufficient to show the invalidity of the rule ... (emphasis supplied)
Here appellees are building contractor associations, and the hearing officer found that the builders represented by the associations were competitively disadvantaged by operation of the challenged rule. Our ruling is governed by our opinion in Fla. Dept. of Ed. v. Fla. Ed. Ass'n/United, etc., 378 So.2d 893 (Fla. 1st DCA 1979). There appellee was a confederation of bargaining units representing 30 thousand of the 90 thousand teachers of Florida. While the rule there being challenged would affect teachers, we said:

*22 However, no teacher is a party to this case. Accordingly, we find FEA/United lacks standing under the facts and principles stated in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230, 1235-1236 (Fla. 1st DCA 1978) ...
Here, no party has sustained or is in immediate danger of sustaining some direct injury as a result of the challenged rule.
Accordingly, FEA/United is not a "substantially affected" person as contemplated in Florida Department of Offender Rehabilitation v. Jerry, supra.
By the same token, the builders who are affected by the rule in the case sub judice are not parties. The builder associations are not substantially affected parties and therefore have no standing to challenge the rule.
Reversed.
MILLS, C.J., and SHIVERS, J., concur.