399 So.2d 6 (1981)
FLORIDA OPTOMETRIC ASSOCIATION, INC., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Petitioner.
DEPARTMENT OF PROFESSIONAL REGULATION et al., Appellee,
v.
BOARD OF OPTICIANRY et al., Respondent.
Nos. WW-427, XX-274.
District Court of Appeal of Florida, First District.
May 5, 1981.
William L. Boyd, IV, of Hopping, Boyd, Green & Sams, Tallahassee, Fred Dudley of Aloia, Dudley & Roosa, Cape Coral, Wilson Jerry Foster, Tallahassee, for appellees.
Robert W. Perkins of Perkins, Vickers & Collins, Tallahassee, amicus curiae.
Fred R. Dudley of Aloia, Dudley & Roosa, Cape Coral, for appellant.
Jim Smith, Atty. Gen., Chris D. Rolle, Asst. Atty. Gen., William L. Boyd, IV, Wilson Jerry Foster, Tina Hipple, Tallahassee, for appellees.
WENTWORTH, Judge.
This is an appeal from appellee Board's § 120.565 declaratory statement in response to a question propounded by two petitioning associations, "The Society of Ophthalmic Dispensers" and "Optical Dispensers of North Florida." We find that the associations were not proper parties to petition for the declaratory statement in the circumstances of this case and reverse the order appealed.
The associations requested a declaratory statement as to the applicability of an agency rule upon a hypothetical set of circumstances which allegedly existed as to some association members. However, they did not establish or allege that the rule had any potential impact upon the associations' interests as entities, or in any way applied to a particular set of circumstances involving the associations themselves. The individual association members who may be affected by the rule were not parties to the petition and the associations were not proper parties, as contemplated by § 120.565 and Rule 28-4.05, Florida Administrative Code, to obtain a declaratory statement on behalf of their individual members.[1]Cf., Department *7 of Labor and Employment Security, Division of Labor, Florida Home Builders Association v. Florida Building Trades Council, 392 So.2d 21 (Fla. 1st DCA 1981); Florida Department of Education v. Florida Education Association/United AFT-AFLCIO, 378 So.2d 893 (Fla. 1st DCA 1979).
The order appealed is reversed.
SHIVERS, J., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.
NOTES
[1] We note, without deciding, that even if the associations had the requisite interest for § 120.565 purposes, the case would then present an issue as to these unincorporated associations' legal capacity to institute such proceedings. See Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635 (1930); cf., Walton-Okaloosa-Santa Rosa Medical Society v. Spires, 153 So.2d 325 (Fla. 1st DCA 1963).