412 So.2d 351 (1982)
FLORIDA HOME BUILDERS ASSOCIATION, et al., Petitioners,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Respondent.
No. 60211.
Supreme Court of Florida.
March 25, 1982.
Stephen W. Metz, General Counsel for Florida Home Builders Association; and Robert M. Rhodes of Messer, Rhodes, Vickers & Hart, Tallahassee, for petitioners.
Kenneth H. Hart, Jr., Gen. Counsel for Florida Dept. of Labor and Employment Sec., Tallahassee, for respondent.
Jerry G. Traynham of Patterson & Traynham, Tallahassee, for Florida Building Trades Counsel and Jacksonville Mechanical Contractors Association, intervening respondents.
Darryl M. Bloodworth and Lynn J. Hinson of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, Orlando, for The Florida Association of Realtors, amicus curiae.
Mary Ann Stiles of Deschler, Reed & Critchfield, Boca Raton, for Associated Industries of Florida, amicus curiae.
OVERTON, Justice.
This is a petition to review the decision of the First District Court of Appeal, reported as Department of Labor and Employment Security v. Florida Home Builders Association, 392 So.2d 21 (Fla. 1st DCA 1980), which held that a trade association does not have standing under section 120.56(1), Florida *352 Statutes (1979),[1] to challenge the validity of an agency rule unless the association itself is substantially affected by the rule. The court below certified to us, as having great public importance, the following question:
Whether, under section 120.56, Florida Statutes, a trade association, which is not itself affected by an agency rule but some or all of whose members are substantially affected by the rule, may seek an administrative determination of the invalidity of the rule as a[n] [in]valid exercise of delegated legislative authority.
We answer the question in the affirmative, holding that a trade association does have standing under section 120.56(1) to challenge the validity of an agency rule on behalf of its members when that association fairly represents members who have been substantially affected by the rule.
In the instant case, Florida Home Builders Association, using the procedures specified in section 120.56, instituted a challenge to the validity of a rule promulgated by the Bureau of Apprenticeship, Department of Labor and Employment Security. The hearing officer found that the association had standing under section 120.56(1) to bring the rule challenge and found, on the merits, that the rule was partially invalid. The department appealed to the First District Court of Appeal, challenging the association's standing. The district court reversed, determining that the "builders who are affected by the rule ... are not parties" and that the "builder associations are not substantially affected parties and therefore have no standing to challenge the rule." 392 So.2d at 22.
In reaching this result, the district court relied on its prior decision in Florida Department of Education v. Florida Education Association/United, AFT-AFL-CIO, 378 So.2d 893 (Fla. 1st DCA 1979), in which the Florida Education Association sought to represent 30,000 of the 90,000 teachers in Florida in a rule challenge proceeding. The district court held that, since no teacher was a party to the action, the teachers' association lacked standing under the rule of law established by its decision in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), which expressly requires a person to show injury or immediate threat of injury from operation of the challenged rule in order to have standing under section 120.56(1). In the instant case, the court again applied the Jerry standard to deny standing because the builders' association had not suffered a direct injury to its own interests. For the reasons expressed herein, we disagree and reverse.
Petitioners contend that the term "substantially affected" in section 120.56(1) should include trade or professional associations which meet the test for associational standing contained in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In response, the department asserts that we should reject the federal case law on standing because the cases are conflicting and irreconcilable. The department further argues that we should adopt the special injury standing rule expressed in United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974), which has been applied in public nuisance, zoning, and taxpayer cases, when construing the standing requirements of section 120.56(1).
We find the district court's restriction on the standing of associations is an excessively narrow construction of section 120.56(1) and results in restricted public access to the administrative processes established in the Florida Administrative Procedure Act, chapter 120, Florida Statutes (1979). Expansion of public access to the activities of governmental agencies was one of the major legislative purposes of the *353 new Administrative Procedure Act.[2] In our view, the refusal to allow this builders' association, or any similarly situated association, the opportunity to represent the interests of its injured members in a rule challenge proceeding defeats this purpose by significantly limiting the public's ability to contest the validity of agency rules. While it is true that the "substantially affected" members of the builders' association could individually seek determinations of rule invalidity, the cost of instituting and maintaining a rule challenge proceeding may be prohibitive for small builders. Such a restriction would also needlessly tax the ability of the Division of Administrative Hearings to dispose of multiple challenges based upon identical or similar allegations of unlawful agency action.
The federal courts have consistently allowed standing for this type of association to represent the interests of its members in appropriate circumstances.[3] In Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), a builders' association sought to invoke the jurisdiction of the court on behalf of its members. Though ultimately denying standing to the association, the United States Supreme Court stated: "Even in the absence of injury to itself, an association may have standing solely as the representative of its members." 422 U.S. at 511, 95 S.Ct. at 2211. In Hunt v. Washington State Apple Advertising Commission, the United States Supreme Court expressly set forth the requirements of associational standing:
Thus we have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
432 U.S. at 343, 97 S.Ct. at 2441. Although the Court in both Warth and Hunt was concerned with the federal constitutional "case or controversy" requirement,[4] the same rule has been applied to actions brought under the Federal Administrative Procedure Act, section 1, 5 U.S.C. § 702 (1976).[5]
After reviewing the legislative history and purpose of chapter 120, we have concluded that a trade or professional association should be able to institute a rule challenge under section 120.56 even though it is acting solely as the representative of its members. To meet the requirements of section 120.56(1), an association must demonstrate that a substantial number of its members, although not necessarily a majority, are "substantially affected" by the challenged rule. Further, the subject matter of *354 the rule must be within the association's general scope of interest and activity, and the relief requested must be of the type appropriate for a trade association to receive on behalf of its members. We note that the only issue to be resolved in a section 120.56(1) proceeding is whether an agency rule is valid, and this type of proceeding does not involve association or individual claims for money damages.
In the instant case, the Division of Administrative Hearings' hearing officer found that the Florida Home Builders Association represented nonunion Florida building contractors who were individually substantially affected by the operation of the challenged rule. The district court did not question the correctness of this finding, nor has it been contested in this proceeding. The rule in issue concerns standards regarding apprenticeship programs in the building trades. Clearly, the content of the rule is such that the builders' association has a legitimate associational interest, on behalf of a substantial number of its members, in the rule's operation.
We conclude that the Florida Home Builders Association has standing to institute a challenge to Rule 8C-16.05(2)(e)2. and 5. The decisions of the First District Court of Appeal in Florida Department of Offender Rehabilitation v. Jerry and Florida Department of Education v. Florida Education Association/United, AFT-AFL-CIO are disapproved to the extent that they conflict with the views expressed in this opinion. The instant decision of the district court is disapproved, and the cause is remanded with directions to review the agency rule on its merits.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 120.56(1), Florida Statutes, reads:

Any person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority.
[2] "The principal purpose for the adoption of a wholly-revised administrative procedure act for Florida is to remedy massive definitional, procedural and substantive deficiencies in existing law ... (v) by broadening public access to the precedents and activities of agencies... ." Reporter's Comments on Proposed Administrative Procedure Act for the State of Florida, March 9, 1974, at p. 3, reprinted in 3 A. England & L. Levinson, Florida Administrative Practice Manual at 79 (1979).
[3] E.g., Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Meek v. Pittinger, 421 U.S. 349, 95 S.Ct. 1753, 44 L.Ed.2d 217 (1975); Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); National Motor Freight Traffic Ass'n. v. United States, 372 U.S. 246, 83 S.Ct. 688, 9 L.Ed.2d 709 (1963).
[4] U.S.Const. art. III, § 2; Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).
[5] United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); Sierra Club; Association of Data Proc. Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Section 1 of the Federal Administrative Procedure Act, 5 U.S.C. § 702, provides that "a person ... adversely affected or aggrieved by agency action ... is entitled to judicial review thereof." We believe that the standing requirement of this statute is so similar to the "substantially affected" requirement of section 120.56(1) that we are justified in looking to federal case law for guidance in formulating our rule regarding associational standing under section 120.56.