417 So.2d 753 (1982)
FARMWORKER RIGHTS ORGANIZATION, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Lehigh Acres Hospital, Appellees.
No. AI-454.
District Court of Appeal of Florida, First District.
July 20, 1982.
*754 Robert J. Willis of Florida Rural Legal Services, Inc., Bartow, for appellant.
James M. Barclay, Tallahassee, for Dept. of Health and Rehabilitative Services, and Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for Lehigh Acres Hosp., appellees.
SHIVERS, Judge.
Appellant appeals the dismissal by the Department of Health and Rehabilitative Services (HRS) of its request for a formal administrative proceeding pursuant to section 120.57(1), Florida Statutes (1979).
Appellee, HRS, awarded appellee, Lehigh Acres Hospital, a certificate of need to construct a one hundred bed acute care hospital in Lehigh Acres, Florida. Appellant objected and requested a formal administrative proceeding pursuant to section 120.57(1), Florida Statutes (1979). In denying this petition, HRS relied on the standing requirements for associations as set forth in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), and Florida Department of Education v. Florida Education Association/United, AFT-AFL-CIO, 378 So.2d 893 (Fla. 1st DCA 1979), and concluded that since no individual was made a party to the petition, appellant lacked standing to request a section 120.57 proceeding. This appeal followed.
On the basis of the Florida Supreme Court's recent decision in Florida Home Builders Association, et al., v. Department of Labor and Employment Security, 412 So.2d 351 (Fla. 1982), we reverse the denial of appellant's request for a formal proceeding pursuant to section 120.57(1), Florida Statutes (1979). In Florida Home Builders, the Supreme Court of Florida held that a trade or professional association has standing to institute a rule challenge under section 120.56(1), Florida Statutes (1979), even though it acted solely as the representative of its members, provided the following requirements are met:
(1) the association demonstrates that a substantial number of its members, although not necessarily a majority, are substantially affected by the challenged rule;
(2) the subject matter of the challenged rule is within the association's general scope of interest and activity; and
(3) the relief requested is of a type appropriate for a trade association to receive on behalf of its members.
Id. at 353-54.
Although Florida Home Builders involved a rule challenge under section 120.56, rather than a request for a formal proceeding pursuant to section 120.57(1), we find that the standing requirements for associations as set forth in Florida Home Builders should be extended to section 120.57(1) proceedings. For the purpose of standing, there is no significant difference between a section 120.56(1) and a section 120.57(1) proceeding. In order to establish standing in the former case a person must show that he has been "substantially affected" by the challenged rule, while in the latter case a party must show that his "substantial interests" are being determined. Based on the similarities between the standing requirements of these two sections, we now hold that the standing requirements for associations as set forth in Florida Home Builders shall *755 apply equally in both section 120.56(1) and section 120.57(1) proceedings.
We REVERSE the order of HRS and REMAND for a determination of standing consistent with this opinion.
McCORD and WIGGINTON, JJ., concur.