McCORD, Judge.
This appeal is from a final order of the Division of Administrative Hearings finding appellant’s Rule 8C-16.05(2)(e) 2 and 5 to be an invalid exercise of delegated legislative authority. Upon our initial consideration of this appeal, we did not reach the merits but reversed the hearing officer’s ruling that appellees had standing to challenge the rule. Dept. of Labor, etc. v. Fla. Home Builders, 392 So.2d 21 (Fla. 1st DCA 1980). We then certified the question to the Supreme Court of Florida as one of great public importance, and the Supreme Court reversed, ruling that appellees have standing to challenge the rule. The Supreme Court remanded the cause with directions that we review the question of the rule’s validity on the merits. Fla. Home Builders Ass’n v. Dept. of Labor, 412 So.2d 351 (Fla.1982).
We affirm the ruling of the hearing officer of the Division of Administrative Hearings. Other periphery questions were raised by Florida Home Builders in the proceeding below, but since we find that the rule is an invalid exercise of legislative authority, it is unnecessary that we reach such issues.
The sections of the rule which are challenged provide as follows:
8C-16.05 Standards of Apprenticeship. The following standards are prescribed for an apprenticeship program:
* * * * * *
(e) Wage Provision—
******
2. The entry apprentice wage rate shall be not less than 50 percent of the established journeyman hourly rate paid by all participating employers in the program, unless a different percentage is provided for in a collective bargaining agreement. Provided further that if a higher journeyman hourly rate is established for a particular project pursuant to state or federal law, the higher rate so established shall be controlling for purposes of determining apprentice wages applicable to the particular project.
* * * ^! * ^!
5. The minimum hourly apprentice wage rate paid during the last period of apprenticeship shall be not less than 85 percent of the established journeyman wage rate, unless a different percentage is provided for in a collective bargaining agreement. (Emphasis supplied.)
The phrases to which we have added emphasis above render the rule an invalid exercise of legislative authority because they provide for a nonuniform application of the rule in violation of Section 446.041(3), Florida Statutes (1977) [now covered by § 446.-031(2), Florida Statutes (1981) ], which mandates that the Department “shall also establish uniform apprenticeship standards which shall not be limited to traditional training standards or traditional appren-ticeable occupations” (emphasis supplied). These phrases likewise violate Section 446.-041(2)(a)(2), Florida Statutes (1977), which mandates that the Bureau of Apprenticeship administer the “uniform preapprenticeship and apprenticeship standards established by the Department of Commerce” (emphasis supplied).
*748 Hearing Officer Diane D. Tremor has made a very lucid and correct analysis of the Rule’s deviation from statutory authority. We will not attempt to gild the lily. We approve and adopt such analysis which we quote as follows:
The portions of the rule in question do two things: they set a specified percentage to be paid to certain apprentices and they exempt from said percentage requirements those apprentices covered by a collective bargaining agreement which provides for a “different” percentage. These provisions must be considered in light of the statutory authorization and intent.
After carefully reviewing the evidence, statutory provisions and the parties’ legal argument with regard to this issue, it is concluded that a rule relating to wages which exempts from its provisions the “different” percentages provided for in a collective bargaining agreement constitutes an invalid exercise of delegated legislative authority. As noted above, the statutory provision relating standards for the apprenticeship program speak in terms of “uniform” standards. “Uniform” is generally regarded to apply equally to all those affected. The only exception or limitation to this requirement of uniformity is contained in F.S. § 446.081, which provides as follows:
“Nothing in this chapter or in any apprentice agreement approved under this chapter shall operate to invalidate any apprenticeship provision in any collective agreement between employers and employees setting up higher apprenticeship standards.”[1]
Thus, while a collective agreement between employers and employee may set up higher apprenticeship standards than the minimum standards approved or authorized by Chapter 446, it follows that such agreements may not contain lower standards. Stated differently, F.S. § 446.081 allows different standards between union and nonunion apprenticeship programs only when higher standards are provided in the collective bargaining agreement. Had the Legislature intended to exempt all provisions of a collective bargaining agreement from the statewide standards, it would have been a simple matter to indicate such intent by using the word “different,” “other” or by simply omitting any adjective to describe such apprenticeship standards. Having specifically exempted “higher” standards, it cannot be assumed that the Legislature also intended to exempt lower standards.
The rule in question, by referring to a “different percentage” provided for in a collective bargaining agreement, rather than a “higher” percentage, allows unions or other groups covered by a collective bargaining agreement to establish standards lower than the statewide minimum uniform standards. Indeed, the evidence adduced at the hearing illustrates that some collective bargaining agreements do in fact provide for an entry apprentice wage rate of thirty-five percent (35%) of the established journeyman hourly rate. This conflicts with the statutory requirement of uniformity in standards, and is not within the exception or limitation allowed in Section 446.081(1). The respondent and the intervenor assert that the purpose and rationale for the subject rule are to protect apprentices where they are not otherwise represented through the collective bargaining process. They further point out that the collective bargaining agreements generally contain provisions for apprentices to receive fringe benefits in addition to their rate of pay. While such rationale may be laudable, it simply finds no authority in the statutes and, indeed, conflicts with § 446.081(1). The Legislature recognized the existence of collective bargaining agreements and expressly provided that such agreements could contain higher standards. Such an expression negates the promulgation of a rule which would permit a lower standard. Therefore, those portions of Rule 8C-16.05(2)(e)(2) and (5) [sic] which contain the language “unless a different percentage is provided for in a collective *749 bargaining agreement” are without statutory authority and constitute an invalid exercise of delegated legislative authority. ...”
The hearing officer’s ruling that those portions of Rule 8C-16.05(2)(e)2 and 5 reading “unless a different percentage is provided for in a collective bargaining agreement” constitute an invalid exercise of delegated legislative authority is affirmed and such portions are stricken from the rule.
MILLS and SHIVERS, JJ., concur.

 Also see F.S. Section 215.19(l)(d) which refers to the “apprenticeship agreement of higher standards as provided in § 446.091.”