# CAPTAIN DAVID RABREN and TAMPA TRI-COUNTY PILOTS ASSOCIATION v. BOARD OF PILOT COMMISSIONERS, et al.

## Case No. 84-3865R

and

# CAPTAIN GARY MURPHY, et al. v. BOARD OF PILOT COMMISSIONERS, et al.

## Case No. 84-3867R

State of Florida, Division of Administrative Hearings

January 11, 1985

### APPEARANCES OF COUNSEL

**J. Michael Shea** for petitioners.

**John E. Griffin** for respondent.

### OPINION

K.N. Ayers, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, K.N. Ayers, held a consolidated public hearing in the above-styled cases on December 12, 1984, at Tallahassee, Florida.

By Amended Petitions dated December 7, 1984, Captain David Rabren and Tri-County Pilots Association (TRICO) challenge, in Case 84-3865R, the validity of Proposed Rule 21SS-5.125, Florida Adminis-

trative Code; and Captain Gary Murphy, Captain Stephen Cropper and Captain Michael Farrell, in Case 84-3867R, challenge the same proposed rule. As grounds for these challenges it is alleged the proposed rule is an invalid exercise of delegated legislative authority.

At the hearing Captain Gary Murphy testified on behalf of Petitioners and H. Fred Varn, Executive Director of the Board of Pilot Commissioners, testified on behalf of Respondent. There is no real dispute regarding the ultimate facts here involved. Proposed findings submitted by the parties, to the extent incorporated herein, are adopted; otherwise, they are rejected as not supported by the evidence, immaterial, or unnecessary to the results reached. Legal arguments presented by the parties are covered in the conclusions of law.

## FINDINGS OF FACT

1. The Board of Pilot Commissioners, Respondent, is charged with the responsibility of regulating licensed state pilots and certified deputy pilots in the State of Florida. Respondent is also charged with the responsibility and given the authority to license state pilots in various ports in Florida including the Port of Tampa.

2. Section 310.061, Florida Statutes, provides, *inter alia*, that there shall not be more than 22 licensed state pilots for Tampa Bay. The number of deputy pilots which may be certified by Respondent is not specified by statute. Respondent may certify as many as necessary to meet the demand for pilot services. Currently, there are 20 licensed state pilots for Tampa Bay and four certified deputy pilots.

3. No applications for pilot or deputy pilot for Tampa Bay have been accepted by Respondent for at least the past two years.

4. Captain Gary Murphy applied to take the state pilot examination in 1980 and was qualified to do so. He is still on Respondent's mailing list to be notified when applications for Tampa will next be accepted. Captain Murphy is a member of TRICO.

5. Respondent does not accept applications for state pilot positions in any port, including Tampa Bay, nor is an examination administered until Respondent has first declared an opening or openings for state pilots for the particular port.

6. TRICO was founded by Captain David Rabren to provide piloting and shipping services on Tampa Bay. The other Petitioners signed membership agreements with TRICO. TRICO began operations January 1, 1984, and is an association of pilots who contract with the ship owners to provide certain piloting services in Tampa Bay. These include docking and undocking vessels and other piloting services on

141

vessels these pilots are legally entitled to pilot. Only Captain rabren of TRICO is a licensed state pilot for Tampa Bay and authorized to pilot foreign ships into and out of the port.

7. Captains Murphy, Cropper, and Farrell all hold first-class pilots licenses issued by the U.S. Coast Guard for Tampa Bay and they all meet the statutory criteria for experience needed to sit for the Tampa Bay state pilot examination. If the proposed rule becomes effective, none of these Petitioners will be qualified to sit for the state pilot licensing examination.

8. By Chapter 84-185, Laws of Florida, Section 310.071 was amended by extensive modification of Subsection (1)(b) and renumbering Subsection (2) to Subsection (3). Section 310.071, Florida Statutes, establishes the qualifications of applicants for licensure as state pilots and certification for deputy pilots.

9. Following the effective date of Chapter 84-185 of October 1, 1984, Respondent issued Proposed Rule 21SS-5.125, Florida Administrative Code.

### CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

Respondent's Motion to Dismiss these proceedings because Petitioners were without standing was reserved at the hearing and will now be addressed.

Respondent contends that because no openings for pilots for Tampa Bay have been announced by the Board of Pilot Commissioners there can be no applicants for licensure as Tampa Bay pilots, and, since none of these Petitioners have actually applied for a license, they have not been affected by the rule and are without standing to challenge it. The logic of that argument eludes me.

Before one can be considered to have a substantial interest in the outcome of the administrative proceeding and thus be entitled to appear as a party, he must show that he will suffer injury in fact which is of sufficient immediacy to entitle him to a hearing under the Administrative Procedure Act and that his substantial injury is of the type or nature which the proceeding is designed to protect. *Agrico Chemical Co. v. Department of Environmental Regulation, et al.*, 406 So.2d 478 (Fla. 2d DCA 1981).

The application of the proposed rule will remove these Petitioners from the category in which they now exist, viz., qualified to take the examination, when offered, for licensure as a state pilot for Tampa Bay.

This is a substantial right which will be affected by the proposed action of Respondent. With respect to TRICO's standing, see *Farmworkers Rights Organization, Inc. v. Department of Health and Rehabilitative Services*, 447 So.2d 753 (Fla. 1st DCA 1982), and *Florida Home Builders Association v. Department of Labor and Employment Security*, 412 So.2d 351 (Fla. 1982).

Respondent's reliance on *DHRS v. Alice P. et al.*, 367 So.2d 1045 (Fla. 1st DCA 1979) to support its contention of lack of standing of these Petitioners is not well placed. *Alice P.* relied heavily on *Florida Department of Offender Rehabilitation v. Jerry*, 353 So.2d 1230 (Fla. 1st DCA 1978) and much of the reasoning on which *Jerry* was based was overruled in *Florida Home Builders*, supra.

Further, the facts here involved are closer to *Professional Firefighters of Florida v. Department of Health and Rehabilitative Services*, 396 So.2d 1194 (Fla. 1st DCA 1981) than to *Alice P.*, supra. The former held that when an agency sets up a new licensing or certification requirement not previously subject to statewide regulations or licensing, persons engaged in that occupation or profession have standing to challenge the proposed regulation. That is little different than changing the requirements for qualifications when such change removes one from his former status of qualified. Accordingly, Respondent's motion to dismiss for lack of standing is DENIED.

Chapter 84-185, Laws of Florida, removed Chapter 310, Florida Statutes, from a Sunset Act demise and modified Section 310.071 to provide:

310.071 Application for license or certificate; qualification of applicants.—

(1) In addition to the requirements specified in this chapter, applicants for a license as a state pilot or for certificate as a deputy pilot shall also possess the following qualifications:

(a) Shall be at least 18 years of age.

(b) Shall have had [3 years' service as a deputy pilot or as an apprentice pilot in the port wherein license or certification is desired or, alternatively, equivalent] maritime experience satisfactory to the board *prior to taking the examination provided in s. 310.081(2), as evidenced by documentation of the following service while holding a U.S. Coast Guard license:*

1. *At least 2 years of service at sea during the 5-year period immediately preceding the examination, 1 year of which shall have been in at least the capacity of an unlimited second mate; or*

*2. At least 2 years' service in a deep-water United States port during the 4-year period immediately preceding the examination as an active first-class unlimited pilot serving on at least an unlimited second mate's license and acting under authority of a duly constituted governmental regulatory entity; or*

*3. At least 2 years of service during the 4-year period immediately preceding the examination as an active first-class unlimited pilot serving on a Great Lakes limited master's license; or*

*4. At least 4 years of towing experience during the 5-year period immediately preceding the examination, 2 years of which shall have been in the capacity of master of a tugboat/barge combination of not less than 5,000 gross registered tons, combined tonnage, while holding a license as master of freight and towing vessels of not less than 1,000 gross registered tons upon oceans.*

*However, the applicant shall not be qualified for licensure or certification by the board unless he holds a valid license issued by the U.S. Coast Guard of an equal or higher grade than the lowest grade of license issued by the U.S. Coast Guard held by an licensed state pilot in the port in which his licensure or ceritification, subparagraphs 1., 2., 3., and 4. of this paragraph notwithstanding.*

(2) The board may, in its discretion, waive the maritime experience requirements listed in paragraph (1)(b) where necessary to fill an opening, provided that no applicants meeting such requirement have applied for the opening and the opening has been advertised more than once.

(3) [(2)] Each applicant for a license as state pilot or for a certificate as deputy pilot shall make application to the department upon such form and in such manner as shall be adopted and prescribed by said department. Each applicant shall be accompanied by a fee set by the board which shall not exceed $100, payable to the secretary of the department. No part of the fee payable hereunder is returnable under any circumstances to the applicant.

Deleted provisions in brackets [ ], new provisions are *underlined*.

Prior to the promulgation of Proposed Rule 21SS-5.125, Rule 21SS-5.11 established qualifications of applicants for certification as deputy pilots and Section 21SS-5.12 established qualifications for applicants for licensure as state pilots. A comparison of Rule 21SS-5.11(2) and Section 310.071(1)(b) above-quoted shows them to be similar but not verbatim with the statute establishing qualifications of applicants for deputy pilots and applicants for state pilots, whereas the rule applied

144

only to applicants for deputy pilots. Further, in Section 310.071(1)(b)4., the legislature added towing experience upon which an applicant may qualify for a state pilot's license.

Rule 21SS-5.12(2) promulgated before the change to Section 310.071 requires applicants for a license as a state pilot to have at least two years' service as a deputy pilot in the port wherein license as a state pilot is desired.

The Proposed Rule 21SS-5.125(2), Florida Administrative Code, provides in part:

(2) Prior to taking the examination provided in Section 310.081(1), Florida Statutes, an applicant for licensure as a state pilot shall, in addition to the qualifications contained in subparagraphs (1)(a), (b), (c), 1., 2., 3., and 4. above [same as 310.071(1)(b)1., 2., 3., and 4.] complete the following service and training:

(a) While a certified deputy pilot in the port wherein licensure as a state pilot is desired, satisfactory completion of the approved deputy pilot training program for that port, or

(b) Shall hold a valid first-class unlimited pilot's license covering all of the waters of the port wherein a license as a licensed state pilot is desired, and having proof of having actively served in a piloting capacity in such waters, under authority of such pilot's license or an equivalent of 50 percent of the average number of handlings made by the deputy pilot, of the port, junior in service with at least 24 months' service as a deputy pilot during the twelve months immediately preceding the submission of an applicant, on vessels of similar type, tonnages and drafts as those handled by such deputy pilots, such handling by the applicant to have been made during the 24 months immediately preceding the submission of an applicant [sic]. In the event that at a port for which a vacancy for a licensed state pilot exists and there does not exist a deputy pilot with at least twenty-four month's [sic] service, the Board shall determine, based upon an examination of the handlings at that port, and announce at the time of noticing the vacancy, that number of which would constitute an equivalent of 50% of the average number of handlings required of an applicant.

In order for a holder of a valid first-class unlimited pilot's license (issued by the U.S. Coast Guard) to make 50 percent of the average number of handlings made a deputy pilot of the port during the 12 months immediately preceding the submission of his application for licensure as a state pilot and on vessels of similar types, tonnages, and drafts of those handled by a deputy pilot, the holder of such license

**145**

would have to be employed as a pilot or deputy pilot. For example, the master of a 20,000-ton vessel holding a U.S. Coast Guard issued unlimited pilot's license for Tampa Bay could take his ship in and out of Tampa Bay on a daily basis for two years and did not meet these requirements. By so wording this proposed rule the Board of Pilot Commissioners has imposed the requirement that one must serve two years as a deputy pilot or apprentice pilot before qualifying to take the examination for licensure as a state pilot.

Agencies are accorded discretion in the exercise of their lawful rulemaking authority, clearly conferred or fairly implied and consistent with the agency's general statutory duty. Further, an agency's interpretation of the statute it administers is entitled to great weight and is not to be overturned unless clearly· erroneous. *Department of Professional Regulation, Board of Medical Examiners v. Durrani,* 455 So.2d 515 (Fla. 1st DCA 1984).

By effectively requiring all applicants for licensure as state pilots to serve two years as a deputy pilot, Respondent has included in this contested rule exactly what the legislature specifically removed from the statute when Section 310.071 was reenacted. The proposed rule adds to the requirement as established by the legislature an applicant for licensure as a state pilot must meet. This is an addition to, not an interpretation of, the statutory requirement.

The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive. *Consumer Products Safety Commission v. GTE Sylvania,* 447 U.S. 102, 100 S.Ct. 2051, 65 L.Ed 2d 766 (1980). In statutory construction legislative intent is determined primarily from the language of the statute, and the legislature is presumed to know the meaning of the words and to have expressed its intent by using them in the enactment. *SRG Corp. v. Department of Revenue,* 365 So.2d 687 (Fla. 1978). Legislative intent is also evident when the legislature deletes parts of a statute when reenacting the statute.

By adopting some of the agency's rules relative to seagoing experience in effect for deputy pilots at the time Section 310.071 was reenacted, making them applicable to both applicants for deputy pilot and pilot, providing towing experience as another avenue of qualification, and not including the rule requirement that applicants for licensure as a state pilot must serve two years as a deputy pilot, the legislature clearly intended to eliminate this requirement. The proposed rule which would reinstate this requirement is in conflict with Section

146

310.071 and is, therefore, invalid. *Department of Health and Rehabilitative Services v. McTigue*, 387 So.2d 454 (Fla. 1st DCA 1980).

From the foregoing it is concluded that Subparagraph (2)(b) of Proposed Rule 21SS-5.125, F.A.C., is an invalid exercise of delegated legislative authority and cannot stand. It is

ORDERED that Proposed Rule 21SS-5.125(2)(b) be deleted as a qualification for applicants for a license as a state pilot.