465 So.2d 1305 (1985)
MEDLEY INVESTORS, LTD., and Others, Appellants,
v.
Gerald LEWIS, As Comptroller of the State of Florida, Appellee.
No. AY-424.
District Court of Appeal of Florida, First District.
March 14, 1985.
*1306 Neil J. Berman of Berman & Ergas, Miami; Bruce D. Friedlander, Miami, for appellants.
S. Craig Kiser, Gen. Counsel; Walter Wood, Asst. Gen. Counsel, Tallahassee, for appellee.
ERVIN, Chief Judge.
This is an administrative appeal from appellee's final order denying appellants' class action petition, filed pursuant to Section 215.26, Florida Statutes, for refund of filing fees paid into the State Treasury. We affirm.
In December 1982, appellants, a group of ten Florida chartered limited partnerships, filed a section 215.26 application with appellee for a refund of all filing fees other than the annual filing fee, paid to the Department of State since December 9, 1979, for filing and indexing certificates and other documents pursuant to Chapter 620, Florida Statutes. The application stated that it was filed on behalf of each named limited partnership individually and as a class representative. Appellants' application alleged that the class consisted of approximately 6,281 currently active limited partnerships that are required to file documents with the Department, and which have paid filing fees other than the annual fee to the Department since December 9, 1979. Appellants further alleged that the Department has unlawfully refused to file and index documents unless a filing fee is paid, in addition to the filing fee prescribed in Section 620.02(2)(b), Florida Statutes (1983).[1]
The Office of the Comptroller, by letter dated December 20, 1983, denied appellants' application for refund. On March 9, 1984, appellants, as individuals and class representatives, filed a section 120.57(1) petition for an administrative hearing, naming both the Department of State and appellee Comptroller as respondents. The administrative proceeding against the Department of State is now pending. Also appellants, again as individuals and class representatives, filed a complaint for writ of mandamus, declaratory decree, and an accounting in the circuit court against the Department and appellee. The circuit court has abstained from further proceedings pending completion of both this appeal and the administrative proceeding against the Department.
On March 22, 1984, appellee issued a final order denying appellants' petition for a section 120.57(1) hearing on the ground that "[a]bsent clear statutory authority ... [appellee] has no right to grant a class action petition such as filed by ... [appellants] and thereby attempt to adjudicate the rights or benefits due members of such class not actually parties to these proceedings."[2] We agree with the order of denial.
There is no express authority for a class action administrative hearing in either section *1307 215.26, Chapter 120, or the Florida Administrative Code. Nor has the legislature applied Florida Rule of Civil Procedure 1.220, providing for class action civil suits, to administrative hearings. Finally, the Model Rules of Procedure are silent on the question of a party's right to file a class action on behalf of others within a designated class. The rules, however, provide for the intervention of persons who have a substantial interest in ongoing proceedings, Florida Administrative Code Rule 28-5.207, and for the consolidation of proceedings which involve similar issues of law or fact. Fla. Admin. Code Rule 28-5.106.
Nevertheless, appellants argue that the use of the term "person" in section 215.26(1), by reading it in pari materia with the term's definition in Section 1.01(3), Florida Statutes, necessarily includes groups or classes of petitioners. Section 1.01(3) provides that the word "person" encompasses "groups or combinations." Appellants' argument is unpersuasive for two reasons. First, the right to assert class standing in an administrative proceeding should not be inferred in the absence of a statute or rule which specifically confers and defines such a right. Sullivan v. Commonwealth, 48 Pa.Cmwlth. 11, 408 A.2d 1174 (Pa. Commw. Ct. 1979). Second, appellants have not alleged that they constitute a trade or professional association. Such a group has standing to request a formal hearing pursuant to section 120.57(1) if certain requirements are met. Florida Home Builders Association v. Department of Labor and Employment Security, 412 So.2d 351, 352-353 (Fla. 1982); Farmworker Rights Organization, Inc. v. Department of Health and Rehabilitative Services, 417 So.2d 753 (Fla. 1st DCA 1982).
Appellants also argue that State ex rel. Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1974), supports their position. In Devlin, this court allowed a class action in circuit court on behalf of taxpayers as long as all class members had applied for a section 215.26 refund of the allegedly illegal tax. The procedure to be followed in a civil action brought within the state's judicial system is obviously controlled by the Florida Rules of Civil Procedure, which, as stated, authorize class actions. Devlin does not address the question of whether a class action within the administrative arena is proper. If appellants desire to continue to serve as class representatives, they should pursue the remedy provided to them in their circuit court action pursuant to Florida Rule of Civil Procedure 1.220.[3]
AFFIRMED.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] Chapter 84-134, Section 2, Laws of Florida, amended section 620.02(2) by inserting an expanded list of filing fees.
[2] The final order also states that by waiting until March 9, 1984, to request an administrative hearing, appellants waived their right to any hearing, and their petition may be denied pursuant to Florida Administrative Code Rules 28-5.111(2) and 28-5.201(a)(3). We disagree. Florida Administrative Code Rule 28-5.111 requires substantially affected persons to file a petition for a hearing within 21 days from receipt of written notice of the agency decision, otherwise the right to a hearing is deemed waived. However, the December 20, 1983 letter from the Office of the Comptroller advising appellants that their petition for refund was denied was inadequate notice since it failed to state the time limit available for requesting a hearing and did not reference to the agency's procedural rules. Florida Administrative Code Rule 28-5.111(1); Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982).
[3] Our disposition of this case moots consideration of whether appellants are proper representatives of the alleged class.