LEHAN, Judge.
The Federation of Mobile Home Owners of Florida, Inc. (the Federation) appeals the dismissal by the Department of Business Regulation, Division of Land Sales, Condominiums and Mobile Homes (the Division) of the Federation’s petition for a declaratory statement pursuant to section 120.565, Florida Statutes (1983). The Federation is alleged to represent tenants in mobile home parks throughout Florida. The petition sought a declaratory statement as to various questions involving the Division’s interpretations of certain undefined terms in chapter 723, Florida Statutes (Supp.1984), the Florida Mobile Home Act. Those questions are alleged to relate to a set of circumstances outlined in the petition which involve at least three different mobile home parks containing members of the Federation. It is indicated that each park contains over 200 mobile home tenants. The questions by their nature would seem to have general application to mobile home owners. It is alleged that the Federation is “barraged” with questions from its members in that regard and that the Federation needs the declaratory statement in order to advise its members. The Division’s order dismissing the petition did so on the grounds that the Federation “failed to demonstrate that [it] is affected_” We reverse.
The grounds relied upon by the Division were of the type specifically rejected by the Florida Supreme Court in Florida Home Builders Association v. Department of Labor & Employment Security, 412 So.2d 351 (Fla.1982), and by the First District Court of Appeal in Farmworker Rights Organization, Inc. v. Department of Health & Rehabilitative Services, 417 So.2d 753 (Fla. 1st DCA 1982). The Division argues that Florida Optometric Association v. Department of Professional Regulation, 399 So.2d 6 (Fla. 1st DCA 1981), is the only case in point as to requirements for declaratory statements under section 120.565. Florida Optometric, which involved a request by certain associations to the Department of Professional Regulation for a declaratory statement as to the applicability to certain hypothetical circumstances of an agency rule, held that the associations in that case did not have standing to request such a statement because “they did not establish or allege that the rule had any potential impact upon the associations’ interests as entities, or in any way applied to a particular set of circumstances involving the associations themselves.” 399 So.2d at 6. However, Florida Optometric relied upon Department of Labor & Employment Security, Division of Labor, Florida Home Builders Association v. Florida Building Trades Council, 392 So.2d 21 (Fla. 1st DCA 1981), and Florida Department of Education v. Florida Education Association/United AFT-AFL-CIO, 378 So.2d 893 (Fla. 1st DCA 1979), and both of those cases were specifically overruled in Florida Home Builders.
Florida Home Builders involved a challenge to an agency rule under section 120.-56. In that case the Florida Supreme Court held that “a trade association does *254 have standing under section 120.56(1) to challenge the validity of an agency rule on behalf of its members when that association fairly represents members who have been substantially affected by the rule.” 412 So.2d at 352. The requirements for standing on the part of an association were spelled out as follows:
[W]e have concluded that a trade or professional association should be able to institute a rule challenge under section 120.56 even though it is acting solely as the representative of its members. To meet the requirements of section 120.-56(1), an association must demonstrate that a substantial number of its members, although not necessarily a majority, are “substantially affected” by the challenged rule. Further, the subject matter of the rule must be within the association’s general scope of interest and activity, and the relief requested must be of the type appropriate for a trade association to receive on behalf of its members.
412 So.2d at 353-54.
The Division argues that it should not be required to issue legal advice or to answer questions propounded out of curiosity. However, the Federation has made a showing of more than curiosity, and under the types of circumstances involved here the argument as to the giving of legal advice would more appropriately be addressed to the legislature. As the Florida Supreme Court said in Florida Home Builders, “Expansion of public access to the activities of governmental agencies was one of the major legislative purposes of the new Administrative Procedure Act.” 412 So.2d at 352-53 (footnote omitted).
The Division also argues that neither Florida Home Builders nor Farmworker involved a petition for a declaratory statement under section 120.565. Florida Home Builders involved a suit under section 120.56(1), Florida Statutes (1979), to challenge the validity of an agency rule. Farmworker involved a request for a formal administrative proceeding under section 120.57(1). However, just as the First District in Farmworker found that “the standing requirements for associations as set forth in Florida Home Builders should be extended to section 120.57(1) proceedings,” 417 So.2d at 754, we conclude that those same standing requirements should apply to section 120.565 proceedings. The Florida Supreme Court said in Florida Home Builders, after its foregoing characterization of a purpose of the Administrative Procedure Act as being to expand public access to governmental agencies,
In our view, the refusal to allow this builders’ association, or any similarly situated association, the opportunity to represent the interests of its injured members in a rule challenge proceeding defeats this purpose by significantly limiting the public’s ability to contest the validity of agency rules. While it is true that the “substantially affected” members of the builders’ association could individually seek determinations of rule invalidity, the cost of instituting and maintaining a rule challenge proceeding may be prohibitive for small builders. Such a restriction would also needlessly tax the ability of the Division of Administrative Hearings to dispose of multiple challenges based upon identical or similar allegations of unlawful agency action.
412 So.2d at 353. We have no reason to believe that there is any determinative difference between the foregoing purpose of the rule challenge proceeding in Florida Home Builders and the purpose of this proceeding by an association under section 120.565, both proceedings having been initiated under the Administrative Procedure Act. The standing requirements have been met in the petition in this case.
The Division alternatively argues that those standing requirements have not been met because the petition only deals with three mobile home parks which comprise only a small fraction of the owners represented by the Federation. However, as we have said, the petition, while referring to three mobile home parks, is on behalf of the residents of those parks and refers to “not less than three” and “at *255 least three” such parks. It also alleges that “[t]he Federation ... is constantly barraged with questions from its members and problems as are posed in this Request for Declaratory Statement. The Federation needs to know the Division’s answer and how it will proceed in questions such as this in order to advise its members.... ” While the petition could have more specifically alleged the number of members substantially affected, we believe the threshold standing requirements of Florida Home Builders have been met.
The Division further argues that no specific fact situations have been alleged in that the petition does not identify the Federation’s members actually involved and that an actual present practical need for a declaratory statement must be shown. The Division cites Couch v. State, 377 So.2d 32 (Fla. 1st DCA 1979), as standing for the proposition that to obtain a declaratory statement under section 120.565 the “case or controversy” principles for declaratory judgments under chapter 86, Florida Statutes, must be followed. However, we do not believe it should be necessary in a situation like this for an association to allege with specificity each and every member affected. Also, in Florida Home Builders the Florida Supreme Court referred to the “case or controversy” requirement as to declaratory judgment suits before it set forth its above quoted standing requirements for declaratory statements under section 120.565. To the extent that those requirements for declaratory statements may be different from requirements for declaratory judgment suits, we must presume the Florida Supreme Court so intended.
This opinion is limited to only the issue of standing. We do not address whether all the questions posed by the Federation can or should be answpred. We hold only that the Federation has standing to seek to have these questions answered.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and CAMPBELL, J., concur.